Baldwin, J.
delivered the opinion of the Court.
The Court is of opinion, that where persons in the condition of slaves claim the right to freedom, they must assert such right in a suit to be brought by them for that purpose ; and that they are not necessary or proper parties in controversies between third persons involving the question of such right to freedom; and therefore that the said Circuit Court did not err in not requiring the woman Maria Yates, emancipated by the last *333 will and testament of William, Tates deceased, to be made a defendant in this cause.
And the Court is further of opinion, that where a commissioner, to whom accounts have been referred by an interlocutory order or decree for adjustment and settlement, gives notice to the parties, by publication in a newspaper, of the time and place of his acting upon the subject, an exception to his report by a party for want of personal notice, where that was practicable, ought not to be entertained, unless he shews, by his own affidavit or otherwise, that he had not such information of the contemplated proceedings of the commissioner as would have enabled him to attend: And therefore that the said Circuit Court did not err in overruling the appellant’s exception to the commissioner’s recommitted report for want of notice.
And the Court is further of opinion, that where such a commissioner, in his regular proceedings to adjust and settle such accounts, takes the depositions of witnesses to enable him to act upon the subject, his general notice of such proceedings is sufficient, without a special notice from him or the adverse party that such depositions will be taken: And therefore that the appellant’s exceptions, for want of notice, to depositions taken by the commissioner were properly overruled by the said Circuit Court.
And the Court is further of opinion, that where an interlocutory decree merely confirms generally a report containing alternative conflicting statements, it must be understood that the Court has reserved to itself the power of selecting, by its future decree, between such statements, and decreeing accordingly: And therefore that the said Circuit Court did not on that ground err, (nor did it on any other,) in confirming the commissioner’s recommitted report; nor intend by so doing, to approve the special statement of Dr. A. D. Galt's account, made at the instance of his attorney.
*334 And the Court is.further of opinion, that the said Circuit Comt did not err in directing that the claim of Bowden, transferred to him by Single1)/s adm’r, not reported upon by the commissioner, should be considered, ag a ciajm stated in the report; that direction being merely interlocutory, and the claim itself still open to all just exceptions.
And the Court is further of opinion, that the said Circuit Court did not err in directing an account of the rents and profits of the house and lot in the proceedings mentioned, from the death of the testator, William Yates; that direction being merely interlocutory, and proper for the purpose of ascertaining what rents and profits had accrued from that period, and by whom the same had been received, in order to enable the Court to decide by its future decree, what persons, if any, were accountable therefor.
And the Court is further of opinion, that the evidence of a witness given in answer to leading questions, ought not on that ground to be suppressed, otherwise than by an order of the Court made before the hearing of the cause, on motion or petition for that purpose, and founded on an exception endorsed upon the deposition within a reasonable time from the return thereof, and founded, moreover, upon an objection taken at the time of the examination of the witness, if the party seeking to exclude the evidence, his agent or attorney, was then present: And therefore that the appellant’s exceptions to certain depositions, because taken on leading interrogatories, were properly overruled at the hearing of the cause.
The Court is therefore of opinion, that there is no error in the said decree of the said Circuit Court.
Affirmed with costs, and cause remanded.